**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

PATRICK O. HAMPTON,

    Plaintiff,

v.                                    CASE NO. 1:10cv215-MP-GRJ

P. BUHLER, et al.,

    Defendants.

_____/

**O R D E R**

This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated November 7, 2011. (Doc. 17). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a *de novo* determination of any timely filed objections.

Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.[1]

Accordingly, it is now ORDERED as follows:

1.    The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

---

[1] In his Objections to the Report and Recommendation (doc. 18), plaintiff for the first time argued that he had the right to file a direct grievance to the secretary of the Department of Corrections. The defendants responded to plaintiff's objections and submitted the declaration of Rebecca Padgham, a Management Analyst with the Florida Department of Corrections, Bureau of Inmate Grievance Appeals. Ms. Padgham's unsworn declaration states that plaintiff's grievance appeal did not satisfy the requirements of F.A.C. § 33-103.007(6) for direct grievances to the Secretary. (Doc. 19-1, p. 3). Pursuant to F.A.C. § 33-103.007(6)(a)(1), if plaintiff intended to file grievance appeal #10-6-15146 as an emergency grievance, grievance of reprisal, or grievance of a sensitive nature, he was required to state at the beginning of Part A of Form DC1-303 that the grievance concerns either an emergency, or was a grievance of a reprisal, or a grievance of a sensitive nature. F.A.C. § 33-103.007(6)(a)(1); (doc. 19-1, p. 2). In addition, Plaintiff would have had to clearly state the reason for not initially bringing the complaint to the attention of institutional staff and by-passing the informal and formal grievance steps of the institution or facility. F.A.C. § 33-103.007(6)(a)(2); (Doc. 19-1, p. 2-3). Plaintiff did not comply with either of those required steps. (Doc. 19-1, p. 3).

2. Defendants' motion to dismiss (doc. 13) is GRANTED and this case is DISMISSED for failure to properly exhaust administrative remedies.

**DONE and ORDERED** this 19th day of January, 2012.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**